[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE
The plaintiffs instituted the present action claiming damages for personal injuries sustained when a vehicle, in which they were riding, was struck by a fire truck operated by the individual defendant. The defendants have filed a special defense asserting that at all relevant times the individual defendant was "in the good faith performance of discretionary public or governmental acts or duties and is immune from liability." The plaintiffs have moved to strike the special defense on the grounds that the operation of a motor vehicle is, as a matter of law, a ministerial act. A municipal employee has a qualified immunity in the performance of a governmental duty but may be liable if he misperforms ministerial acts as opposed to discretionary acts. Evon v. Andrews, 211 Conn. 501, 505 (1989). The plaintiff claims the actions of the individual defendant are clearly ministerial acts, citing Letowt v. Norwalk, 41 Conn. Sup. 402 (1989) (police vehicle driving to accident scene is involved in a ministerial act).
Defendants claim the acts of individual defendant are clearly discretionary, citing Mclean v. Smith, 12 Conn. L. Trib. 50 (October 30, 1986); (Arena, J.) (holding a police vehicle responding to an emergency with lights and siren is primarily a discretionary act).
The issue of whether the individual defendant was in the present case performing a ministerial or discretionary act will depend upon the nature of the act. The court is not prepared to hold that the operation of a fire truck is, under all circumstances, a ministerial act and therefore, a motion to strike is not appropriate.
The plaintiff also asserts that the doctrine of governmental immunity has been abolished by the provisions of General Statutes52-557n by making a municipality liable for the negligent acts of employees unless such acts "require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." Here again, the issue of whether the conduct is encompassed by the quoted phrase will depend upon the nature of the act.
Accordingly, the motion to strike is denied.
RUSH, JUDGE